UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,                    Case No. 07-CR-0312 (PJS/SRN)

                    Plaintiff,

v.                                                              ORDER

WARREN PATRICK BANKS,

                    Defendant.

---

Michelle E. Jones, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Andrew H. Mohring, OFFICE OF THE FEDERAL DEFENDER, for defendant.

On February 21, 2008, after a three-day trial, a jury returned a verdict finding defendant Warren Patrick Banks guilty of violating 18 U.S.C. § 922(g)(1) by unlawfully possessing a firearm after having been convicted of a felony.  Banks is awaiting sentencing.

On April 11, 2008, Banks expressed his disagreement with the verdict by filing a filled-out version of a court-supplied form titled "Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."  Docket No. 75.  Section 2255 of Title 28 of the United States Code permits "[a] prisoner in custody *under sentence* of a [federal] court" to challenge the legality of his confinement by "mov[ing] the court which *imposed the sentence* to vacate, set aside or correct *the sentence*."  28 U.S.C. § 2255 (emphasis added).

Banks, however, has *not* yet been sentenced, so — under the plain language of the statute — he cannot now use § 2255 to challenge his confinement.  The Court therefore denies his motion.  The Court notes that Banks's motion, although labeled a "Motion Under § 2255," should not be considered a § 2255 motion for purposes of the limit on "second or successive" § 2225 motions found in § 2255(h).  *See Stantini v. United States*, 140 F.3d 424, 427 (2d Cir.

1998) (holding that a self-styled § 2255 motion brought by a prisoner before he was sentenced

was "not properly considered to have been made and filed pursuant to § 2255"); *United States v.*

*Jackson*, No. 97-5178, 1998 U.S. App. LEXIS 16103, at *3 (10th Cir. July 14, 1998) (declining

to treat two so-called § 2255 motions, one filed before sentence was imposed and one filed while

the direct appeal was pending, to be § 2255 motions for purposes of § 2255(h)).

The Court further notes that in his April 11 motion, Banks criticizes his court-appointed

defense lawyer and says, "I am waiting to be given counsel for appeals."  Mot. at 6.  And along

with the April 11 motion, Banks mailed the Court a form entitled "Consent Order Granting

Substitution of Attorney," but he did not indicate who (if anyone) he wanted to be substituted for

his current lawyers.  (The Clerk did not docket this form because it is a proposed order, and

proposed orders are not docketed unless the Court approves them.  The Court cannot approve

Banks's proposed order because the Court does not understand it.)

It appears that Banks may wish to discharge his current counsel.  It is unclear to the Court

whether Banks would like the Court to appoint new counsel for him, or whether he would like to

represent himself.  Because the Court does not know what Banks wants, it cannot, at this point,

consider whether to appoint substitute counsel for Banks or relieve his current counsel and allow

Banks to represent himself.

Banks should be advised, however, that even if he asks the Court to appoint new counsel,

he may not get it.  As the Eighth Circuit has held:

> An accused does not have an absolute right to counsel of his own
> choosing, and a district court may properly require the defendant
> to choose either to proceed pro se, with or without the help of
> standby counsel, or to utilize the full assistance of counsel, who
> would present the defendant's defense.  The substitution of counsel
> is committed to the sound discretion of the trial court, and the

> defendant bears the burden of showing justifiable dissatisfaction
> with appointed counsel to be granted a substitute.

*United States v. Mentzos*, 462 F.3d 830, 839 (8th Cir.2006) (citations omitted).  But if Banks

wants new counsel, he can certainly ask for it.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS

HEREBY ORDERED THAT:

1.      The motion that Banks purported to file under 28 U.S.C. § 2255 [Docket No. 75]

        is DENIED.

2.      If Banks wants to discharge his current counsel, Banks must file a motion either

        (a) asking the Court to appoint substitute counsel, or (b) saying that he wants to

        discharge his current counsel and represent himself.  But if Banks wants to

        continue to be represented by his current counsel, he does not need to file

        anything with the Court.


Dated:  April 18 , 2008                         s/Patrick J. Schiltz
                                                Patrick J. Schiltz
                                                United States District Judge